UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEION BATTLE,

    Petitioner,

-vs-                                                    Case No.   8:17-cv-1659-T-36CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, a Florida prisoner, initiated this action by filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1), and a memorandum in support (Doc. 3), in which he challenges his conviction for aggravated stalking. Respondent filed a response to the petition (Doc. 12). For the reasons set forth below, the petition will be denied.

**I. PROCEDURAL HISTORY**

Petitioner was charged by Felony Information with aggravated stalking (Respondent's Ex. 1) and convicted as charged (Respondent's Ex. 4). He was sentenced to 5 years in prison (Respondent's Ex. 5). His conviction was affirmed on appeal (Respondent's Ex. 8).

Petitioner filed a post-conviction motion pursuant to Rule 3.850, Fla.R.Crim.P., in which he alleged that he was convicted of an offense that was not charged in the Felony Information (Respondent's Ex. 9). The motion was denied (Respondent's Ex. 10), and the denial of the motion was affirmed on appeal (Respondent's Ex. 11). Petitioner then filed his petition for a writ of habeas corpus in this Court (Doc. 1).

1

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**A. Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308

(11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Exhaustion of State Remedies and Procedural Default**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. See § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)

3

("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome.

*Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

## III. ANALYSIS

**Ground One: Sentence was imposed in violation of the Constitution or Laws of the United States**

Petitioner alleges the following facts in support of Ground One:

> Appellant attorney argued erroneously the issue of an absence of each essential element in the charging document. There still exist [sic] the fact that the court committed a fundamental error, which the 2nd DCA failed to acknowledge when considering that though [sic] Petitioner objected to the error. Regardless of fact [sic] a fundamental error does not fall under the contemporaneous objection [sic].

(Doc. 1, docket p. 5).

This claim is essentially incomprehensible. Accordingly, it is insufficient to warrant federal habeas relief. *See* Rules Governing Section 2254 Cases, Rule 2(c)(1)-(2) (federal habeas petitions must "specify all the grounds for relief," and "state the facts supporting each ground"). *See also, Mayle v. Felix*, 545 U.S. 644, 655 (2005) (federal habeas petitions "expected to state facts that point to a real possibility of constitutional error") (citations omitted).

The Court's best interpretation of the claim, based on a reading of the entire record before the Court, is that the Florida Second District Court of Appeal's affirmance of Petitioner's conviction was erroneous because the State's failure to allege each element of aggravated stalking in the Felony Information was fundamental error under Florida law that required reversal, even in the absence of an objection to the Felony Information prior to trial.[1] This claim does not warrant relief, however, because it is solely an issue of state law not cognizable on habeas review. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1299 (11th Cir. 2017) (federal

---

1 The Court does not construe Ground One as asserting a claim that the State failed to present sufficient evidence that Petitioner knew the injunction was in effect at the time of the offense. Even if that were the claim, Respondent correctly argues that there was sufficient evidence establishing that Petitioner knew the injunction was in effect (*See* Respondent's Ex. 2, Vols. I, II).

5

habeas petitioner not entitled to relief on claim that the state appellate court was wrong not to recognize the error as fundamental because "the fundamental error question is an issue of state law, and state law is what the state courts say it is. . . .[I]t is not a federal court's role to examine the propriety of a state court's determination of state law."). Accordingly, Ground One is denied.

**Ground Two: Illegally convicted**

Petitioner contends that his conviction is illegal because the Felony Information failed to allege each element of the offense of aggravated stalking. In his memorandum he clarifies that the Felony Information failed to allege that he knew the injunction was still active at the time of the offense (Doc. 3, docket p. 5).

This claim was raised in state court in Petitioner's Rule 3.850 motion (Respondent's Ex. 9). In denying the claim, the state post-conviction court determined that the claim was procedurally defaulted because Petitioner waived any challenge to technical deficiencies in the Felony Information by failing to raise his objections before the State rested its case at trial (Respondent's Ex. 10).

Because the state court's decision rests on an independent and adequate state ground, this Court must respect the decision, unless Petitioner has demonstrated cause for the procedural default and actual prejudice resulting from the alleged violation of federal law. *See Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) ("A state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim. . .if the state procedural ruling rests upon 'independent and adequate' state ground.") (citation omitted). *See also, Ford v. State*, 802 So.2d 1121, 1130 (Fla.2001) (noting any inquiry concerning the technical propriety of the indictment should have

been raised prior to trial at which time any deficiency could have been cured); *Fulcher v. State*, 766 So.2d 243 (Fla. 4th DCA 2000) (affirming conviction where statutory citation for the crime was given, but all elements were not properly charged).

Petitioner has failed to allege cause and prejudice to overcome the default. Accordingly, the claim is procedurally barred from federal review. Ground Two is therefore denied.

**Ground Three: Elements fails [sic] to reach each material fact necessity [sic] to constitute the charge offense**

**Ground Four: Due Process violated**

In both Grounds Three and Four, Petitioner contends that his right to due process was violated because he was convicted of a crime, aggravated stalking, that was not charged in the Felony Information. He appears to argue that he was not charged with aggravated stalking because the Felony Information failed to allege all the elements of that offense.

This claim was raised in state court in Petitioner's Rule 3.850 motion (Respondent's Ex. 9). In denying the claim, the state post-conviction court determined that Petitioner was charged with aggravated stalking because the Felony Information cited the aggravated stalking statute, Section 784.048(4), Florida Statutes, and tracked the language of that statute (Respondent's Ex. 10).

The state post-conviction court correctly found that the Felony Information charged Petitioner with aggravated stalking. The Felony Information indicated that the charge was "Aggravated Stalking", cited to the aggravated stalking statute, and tracked the language of that statute (Respondent's Ex. 1).[2] Accordingly, Petitioner was convicted of the offense charged in

---

2 784.048(4) provides:

7

the Felony Information.

Petitioner's argument that he was denied due process because the Felony Information omitted an element of aggravated stalking is unavailing. Because the Felony Information alleged detailed facts of the offense, cited the statute under which Petitioner was charged, and tracked the language of that statute, Petitioner was provided adequate notice of the charge against him. *See State v. Burnette*, 881 So. 2d 693, 695 (Fla. 1st DCA 2004) ("[T]he failure to include an essential element of a crime does not necessarily render an indictment fundamentally defective when the indictment references a specific section of the criminal code which sufficiently details all the elements of the offense."); *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998) ("If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge.").

Petitioner has failed to demonstrate that the state court's resolution of this claim was contrary to clearly established federal law or based on an unreasonable determination of the facts. Accordingly, Grounds Three and Four warrant no federal habeas relief.

Any claims not specifically addressed herein have been determined to be without merit.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. This Court should grant an application for certificate of appealability only if the

---

A person who, after an injunction for protection against repeat violence, sexual violence, or dating violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person's property, knowingly, willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make this showing.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case. And because Petitioner is not entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on March 24, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record

---

[3] The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.